# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-102-02 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CHRISTY SIMS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a "Motion Pursuant to 28 USC (f)(3) in Light of the Retroactive Effect of Johnson v United States and its Progeny, Welch v United States," filed by the Defendant, Christy Sims ("Sims"). [Record Document 90]. In this motion, Sims contends that her sixty-month sentence must be vacated in the aftermath of the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). Because Johnson is inapplicable to Sims's case, her motion is **DENIED**.

## I. Background.

Sims was charged in a federal indictment with conspiracy to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 & 846 (count one); possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two); and possession of firearms and ammunition in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three). Record Document 1. Her co-defendant, Brandon Ragland ("Ragland"), was also charged in counts one through three, in addition to counts four and five. Id. Sims pled guilty to count one. Record Documents 70 & 72. The stipulated factual basis provided that

DEA and ATF agents

> debriefed a subject who stated he could have a person named "BG", later identified as Brandon Ragland (Ragland), drive from Texas to Shreveport, LA, to deliver methamphetamine. The subject placed a telephone call to Ragland, organizing a methamphetamine transaction, to be executed later the same day.
> Ragland eventually arrived at the subject's house in a maroon truck and then entered, while a passenger waited outside. Ragland was then taken into custody by agents after dropping a bag containing suspected narcotics on the floor beside him. The narcotics were later submitted to the crime lab, testing positive for methamphetamine with a net weight of 25 grams. Ragland told agents that there were three or four guns and additional methamphetamine outside in the truck. Contact was made with the passenger, identified as Christy Sims (Sims). As a result of the search, agents also retrieved a bag containing 12 grams of methamphetamine from the center console of the truck.
> Ragland, per Miranda, admitted that he and CHRISTY SIMS (SIMS) drove to Shreveport to conduct this methamphetamine transaction. SIMS was interviewed and confirmed Ragland's statement. SIMS stated that the truck in question was registered to a family member of SIMS, but she actually paid for the truck, it is under her control and that she allowed Ragland to drive it on this date.

Record Document 72-2, p. 2.

For sentencing, the presentence report ("PSR") calculated a base offense level of 24, based on the quantity of methamphetamine. Record Document 84, ¶ 15. The PSR recommended a two-level increase, pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the drug offense. Id., ¶ 16. Three levels were deducted for acceptance of responsibility, id., ¶s 22-23, resulting in a total offense level of 23, id. ¶ 24. Sims had no criminal history, resulting in a criminal history score of I. The Guideline range was 46-57 months, however the count to which Sims pled guilty carried a five year mandatory minimum sentence. Id., ¶s 53-54. Thus, the Guideline range became 60

months. Id.

Sims objected to the § 2D1.1 enhancement, arguing that while she was aware of the shotguns in the truck, she was unaware that methamphetamine and a pistol were in the truck's console. Id. at p. 12. Sims also objected to the PSR's failure to find she was entitled to the safety valve. Id.

With regard to the § 2D1.1 enhancement, Sims argued that her knowledge of the shotguns in the truck was unimportant because those firearms were not connected to the offense but rather were for Sims's protection. Record Document 81, p. 4. The Government responded that when agents approached Sims at the time of arrest, she was waiting in the truck for Ragland, who had just been arrested inside the house where he intended to sell the methamphetamine. Record Document 83, p. 3. At that time, Sims admitted that there were firearms and methamphetamine in the vehicle. Id. She stated she and Ragland drove to Shreveport almost every day to sell methamphetamine and that she was aware of the firearms in the vehicle. Id.

At the sentencing hearing, the Court relied upon § 2D1.1, Application Note 11(A), which provides that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1, App. Note 11(A). The Court found that the enhancement was applicable to Sims, as it was not "clearly improbable" that the weapons were connected to this offense. First, according to

the Government's representations, Sims admitted knowledge of the pistol and the drugs. Second, at least one of the shotguns in the vehicle was loaded and accessible to Sims should she need it. The Court's ruling on the § 2D1.1 enhancement precluded the application of the safety valve. The Court thus overruled Sims's objections and adopted the PSR without change. Record Document 88, p. 1. The Court sentenced Sims to sixty months' imprisonment, which was the statutory mandatory minimum sentence the Court could impose irrespective of the Guidelines. Record Document 87. Judgment was entered on March 2, 2015. Docket sheet text of Document 87.

Sims did not appeal her conviction or sentence. Instead, on June 29, 2016, she filed the instant motion. On August 12, 2016, she also filed what she captioned as a supplemental brief; in actuality, it contains a wholly separate request for a minor role reduction per Amendment 794 to the Sentencing Guidelines. Record Document 93.

The Government filed a motion to stay the case pending a ruling in Beckles v. United States, 137 S. Ct. 886 (2017), which was granted by this Court. Record Documents 94-95. Thereafter, the Government responded to Sims's initial motion, arguing that the motion is time-barred, and Sims is not entitled to relief under Johnson. Record Document 97. The Government did not respond to Sims's request for a sentencing reduction under Amendment 794. As the matter is now ripe for adjudication, the stay is **LIFTED**.

## II. Law and Analysis.

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) the sentence "was imposed in violation of

the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" United States v. Cooper, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting United States v. Frady, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f).

In the instant case, Sims's judgment of conviction became final on March 16, 2015, after her fourteen-day period for filing a notice of appeal expired. Fed. R. App. P. 4(b); United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008) (holding that a federal conviction becomes final upon the expiration of the defendant's time to file a direct appeal). Unless another provision of § 2255(f) applies, Sims's one-year period to file her § 2255 motion expired on March 16, 2016. To circumvent the one-year bar, Sims purports to rely upon the Supreme Court's decision in Johnson, and thus invokes § 2255(f)(3)– the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Johnson, which did newly recognize a right which is retroactively applicable to cases on collateral review, was decided by the Supreme Court on June 25, 2015. While Sims's § 2255 motion was received by the Clerk's Office on June 29, 2016, her certificate of service is dated June 24, 2016. The Court will therefore find Sims's motion is timely, but only if she is entitled to relief under Johnson.

A.  Johnson.

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes harsher statutory penalties for a defendant who is convicted of 18 U.S.C. § 922(g) and has three

prior convictions for violent felonies or serious drug crimes. The ACCA defines a violent felony as a crime punishable by imprisonment for one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized text has been dubbed the residual clause. In Johnson, the Supreme Court held that the residual clause was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court announced that Johnson established a new substantive rule that applied retroactively to cases on collateral review.

Here, Sims asserts that "her sentence, as it relates to the 'enhancements' based on 'violence', is illegal, as said sentence is influenced by said enhancements, has been now deemed unconstitutional." Record Document 90, p. 1. More specifically, she seems to argue that because she pled guilty to a drug count, and not a firearms count, and because she never admitted knowledge or possession of the guns in question, it was unconstitutional for the Court to apply the § 2D1.1 enhancement. Indeed, she contends,

> there were no charges of violence. Nocharges [sic] in reference to firearms, and in her plea, there was no indication that she would be held accountable for anything other than what she was charged with. . . [but she] was enhacned [sic] by (2) additional points, based on presumption. Prior to Johnson, it was the norm to assume that when there is [sic] drugs, there will be firearms, with potential for violence. The petitioner did not admit to possession of a weapon. The fact is her codefendant was charged with the weapons in question. . . . Sims . . . stated she never owned any weapons . . . . [And she] never admitted to possession or knowledge of any weapons. . . . The petitioner was allotted (2) levels for 'violence'. Arbitrary

enforcement was applied here, where the Judge had to make a decision on what he thought could have been probable, which . . . is unconstitutional. . . . The wording used to justify the enhancement for violence is no longer valid.[1]

See id., pp. 4-6

As discussed above, Sims's offense level was increased by two, pursuant to § 2D1.1 of the Sentencing Guidelines because she and Ragland possessed guns in connection with their drug offense. Johnson did not void the application of § 2D1.1 or any other Guideline provision, nor did it otherwise affect Sims's sentencing calculation in this matter. In other words, Sims was not sentenced under the ACCA, and Johnson did not alter the application of § 2D1.1.[2]

Furthermore, the Court notes that in Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges like the ACCA because the Guidelines, unlike the ACCA, "merely guide" the exercise of the court's discretion in choosing an appropriate sentence. Beckles, 137 S. Ct. at 894-895. Thus, "[t]he Guidelines are not subject to vagueness challenges." United States v. Godoy, 890 F.3d 531, 537 (5th Cir. 2018), as revised (June 25, 2018). Because the advisory Guidelines are not "substantive laws that fix sentences or proscribe conduct," they are different from the ACCA. Id. at 540; see also United States v. Martinez, 682 F. App'x 304, 304 (5th Cir. 2017)

---

[1] Sims was charged with possession of firearms and ammunition in furtherance of drug trafficking activity, just as Ragland was. Her statement to the contrary is a misrepresentation to the Court.

[2] Section 2D1.1's two-point enhancement does not contain or incorporate any clauses resembling the residual clause found unconstitutional in Johnson.

(Beckles "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").

In sum, there is no merit to Sims's claim that she is entitled to resentencing under Johnson. Johnson does not apply, and Sims cannot use § 2255(f)(3) to extend the statute of limitations.

Furthermore, the Court would be remiss if it did not point out that Sims's ultimate sentence of sixty months was based on the statutory mandatory minimum that had to be imposed because of the count to which she pled guilty. Her sentence was not driven by the Guideline calculation, but rather by the statute, which is plainly unaffected by Johnson or its progeny.

B. Equitable Tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (quoting Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)), abrogated on other grounds by Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013).

The petitioner bears the burden of showing entitlement to equitable tolling. Phillips v. Donnelly, 223 F.3d 797, 797 (5th Cir. 2000). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Sims does not invoke equitable tolling and instead claims her motion is timely. She has not demonstrated that she diligently pursued her rights or that extraordinary circumstances prevented her from filing her motion to vacate earlier so as to warrant equitable tolling. She has failed to satisfy her burden of proving entitlement to equitable tolling; as such, her § 2255 motion is untimely.

C.   Amendment 794.

Sims's supplemental brief requests a sentencing reduction pursuant to Amendment 794 to the Sentencing Guidelines. Amendment 794 became effective on November 1, 2015, United States v. Castro, 843 F.3d 608, 611 (5th Cir. 2016), which was after Sims was sentenced by this Court. This amendment clarified the circumstances under which U.S.S.G. § 3B1.2's mitigating role reductions are to be applied. "Amendment 794 introduced a list

of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment." United States v. Gomez-Valle, 828 F.3d 324, 329 (5th Cir. 2016). In United States v. Sanchez-Villarreal, 857 F.3d 714, 721 (5th Cir. 2017), the Fifth Circuit held that Amendment 794 is clarifying and thus can be applied retroactively on direct appeal.

Sims seems to claim her sentence was unconstitutional because she did not receive a downward adjustment for a minor role under § 3B1.2. However, a "district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)); see also United States v. Guerrero, 691 F. App'x 179, 179 (5th Cir. 2017). Thus, Sims is not entitled to relief under § 2255 on this claim.

The relief Sims truly seeks—a sentence reduction under Amendment 794—is only available through an 18 U.S.C. § 3582(c)(2) motion. As such, the Court will construe her motion under § 3582. "A federal court generally 'may not modify a term of imprisonment once it has been imposed,'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)), except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2); see also Freeman v. United States, 564 U.S. 522, 526 (2011). Such defendants may move for retroactive modification of their sentences. Freeman, 564 U.S. at 526. However, a sentence reduction under § 3582 is

only permitted if it is consistent with the Sentencing Commission's policy statements, which are found in § 1B1.10 of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). Section 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect; Amendment 794 is not included among them.

Thus, even if an amendment is deemed clarifying, the Court cannot consider it in the context of a collateral attack on a sentence if that amendment is not listed in § 1B1.10(d). See United States v. Carreon-Palacio, 73 F. App'x 67, 68 (5th Cir. 2003) ("While we will consider the effect of 'clarifying' amendments on direct appeal, a different rule applies when the issue is raised on collateral attack pursuant to 18 U.S.C. § 3582(c)(2)."). "Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10." Guerrero, 691 F. App'x at 180. Therefore, Amendment 794 is not retroactively applicable on collateral review, and a reduction under § 3582(c)(2) is not authorized. Accordingly, Sims's claim, even if construed as a motion for sentence reduction under § 3582(c)(2), lacks merit.

### III. Conclusion.

Based on the foregoing, the Court finds that Sims's § 2255 motion is untimely and her claim for a sentencing reduction pursuant to Amendment 794 is without merit. Accordingly, Sims's motion [Record Document 90] be and is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United

States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Sims has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this _____ day of November, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE